UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
CHARLES N. DIORIO, )
)
    Petitioner, )
)
v. ) Civil No. 18-12315-LTS
)
STEVEN SILVA et al., )
)
    Respondents. )
)

ORDER

November 6, 2018

SOROKIN, J.

    Charles N. Diorio, a prisoner at the Massachusetts Correctional Institution in Concord, Massachusetts, has filed a series of pro se motions related to his intent to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court disposes of the motions here in turn.

    First, Diorio seeks to enlarge the time for filing a § 2254 petition, in part invoking the doctrine of equitable tolling, citing "incompetence and irresponsible conduct by prison officials losing [his] legal property" during his transfer from one cell to another. Doc. No. 1 at 5-6. The convictions Diorio seeks to challenge under § 2254 became final on December 13, 2017, ninety days after the Supreme Judicial Court denied further review of his direct appeal. See Gonzalez v. Thaler, 565 U.S. 134, 653-54 (2012) (holding that "judgment becomes final" for habeas purposes "when the time for pursuing direct review in [the Supreme] Court . . . expires"); U.S. Sup. Ct. Rule 13 (requiring petitions for certiorari in the United States Supreme Court to be filed within ninety days of the relevant judgment); Commonwealth v. Diorio, 94 N.E.3d 394 (Mass. 2017) (table) (reflecting denial of review on September 14, 2017). Thus, Diorio may file a

timely federal habeas petition on or before December 13, 2018.  28 U.S.C. § 2244(d)(1)(a).  As that date has not yet passed, and Diorio has not argued or shown an inability to file a petition by that date, there is no present need to enlarge the relevant deadline or to assess whether the one-year limitation period should be equitably tolled.  Accordingly, Diorio's motion for an enlargement of time (Doc. No. 1) is DENIED without prejudice.  Diorio may file a proper federal habeas petition to be docketed in this action on or before December 13, 2018.[1]

Second, Diorio seeks appointment of counsel.  According to Diorio, he intends to raise in this Court the same issues already briefed and presented (through counsel and on his own behalf) in state court.  His request for counsel (Doc. No. 2) is DENIED without prejudice.

Third, Diorio wishes to proceed in this Court in forma pauperis ("IFP").  Though he claims he is unable to pay the $5 filing fee, the inmate transaction report he submitted demonstrates he presently has well over $200 in his prison account.  Doc. No. 3-1 at 4.  Accordingly, his IFP motion (Doc. No. 3) is DENIED.  Diorio shall submit the required filing fee along with his completed federal habeas petition, no later than December 13, 2018.  Failure to pay the required fee may result in dismissal of this action.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[1] Prisoners wishing to pursue federal habeas review pursuant to § 2254 must comply with the Rules Governing Section 2254 Cases in the United States District Courts, which follow § 2254 in the United States Code.  In particular, Rule 2 specifies that the proper respondent is "the state officer who has custody" of the petitioner at the time of filing, and requires that § 2254 petitions be submitted using a standard form available in most prison law libraries.