UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CHARLES N. DIORIO, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil No. 18-12315-LTS |
| MICHAEL RODRIGUES, | ) ) ) | |
| Respondent. | ) ) | |

ORDER ON MOTION TO DISMISS (DOC. NO. 17)

January 30, 2019

SOROKIN, J.

Charles N. Diorio, an inmate at the Massachusetts Correctional Institution in Concord, Massachusetts, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent has moved to dismiss the petition, arguing it presents claims that Diorio has not exhausted in state court. Doc. Nos. 17, 18.[1] Diorio has not responded to the motion. Because at least some of Diorio's claims are unexhausted, the motion to dismiss will be ALLOWED unless Diorio elects to delete the unexhausted claims.

I.   BACKGROUND

On December 18, 2013, Diorio was convicted of armed kidnapping and related offenses after a jury trial in Norfolk County Superior Court. Doc. No. 9 at 1. The charges stemmed from events that transpired after Diorio took his ex-girlfriend's gun and used it to shoot an employee at a rooming house where he was staying in Suffolk County. Commonwealth v. Diorio, 81

---

[1] Citations to items appearing on the Court's electronic docket ("Doc. No. __ at __") reference the document and page numbers assigned by ECF.

N.E.3d 825 (Mass. App. Ct. 2017) (unpublished).  After the shooting, Diorio went to his ex-girlfriend's apartment in Norfolk County, threatened her with the gun, and forced her to remain there with him for several hours.  Id.; Doc. No. 17-5 at 6-8.

Diorio was sentenced to fifteen-to-twenty years in state prison, followed by another year in county jail.[2]  Diorio, 81 N.E.3d at 825; Doc. No. 9-1.  He filed a timely appeal.  Doc. No. 17-1 at 11.  Through counsel, he presented a total of nine claims on direct appeal, seven of which were included pursuant to Commonwealth v. Moffett, 418 N.E.2d 585 (Mass. 1981).  His two "most notabl[e]" claims challenged the trial court's jury instructions and the admission of evidence related to the Suffolk County offenses.  Diorio, 81 N.E.3d at 825.  The Moffett claims included arguments that the trial court had erred in admitting a photograph of Diorio used in a photo array after the shooting, that evidence seized from Dioro's room in Suffolk County should have been excluded, and that Diorio should have been permitted to supplement his trial counsel's opening statement by making his own remarks to the jury.  Id.

The Massachusetts Appeals Court ("MAC") rejected Diorio's claims in a March 24, 2017 order.  Id.  Diorio sought review in the Supreme Judicial Court ("SJC"), where his counseled application for leave to obtain further appellate review ("ALOFAR") raised only these issues: 1) whether the search of Diorio's room in Suffolk County, and the resulting seizure of his wallet and items therein, was lawful; 2) whether evidence related to the Suffolk County charges was properly admitted at this trial; and 3) whether error arose from a "prospective ruling" by the trial court that Diorio "could not make a statement in mitigation of punishment," an issue the MAC did not explicitly address.  Doc. No. 17-5 at 13.  The SJC's docket does not reflect any additional

---

[2] He later pleaded guilty to the Suffolk County shooting charges and received a sentence of incarceration concurrent to his sentence on the Norfolk County charges.  Doc. No. 17-5 at 4.

pro se filings by Diorio supplementing the issues presented for review by his counsel. Doc. No. 17-6. On September 14, 2017, the SJC denied review. Id. at 2.

Diorio instituted proceedings in this Court on October 22, 2018 by filing a "motion to enlarge time" for filing a habeas petition. Doc. No. 1. The motion reflected Diorio's mistaken belief that he had missed the deadline for filing a timely federal habeas petition. In fact, the applicable limitations period continued through December 13, 2018, as the Court explained in an order denying the motion. Doc. No. 5. Thereafter, Diorio completed the required form presenting his federal claims and placed it in the mail on December 12, 2018. Doc. No. 9 at 18. In his timely federal petition, Dioro asserts the following five claims:

1) His Fourth and Fifth Amendment rights were violated when the trial judge admitted identification evidence found inside a wallet recovered from Diorio's room;

2) His Sixth Amendment rights were violated when the trial judge prohibited Diorio from addressing the jury during the defense opening statement and from allocuting at his sentencing;

3) His Fifth and Fourteenth Amendment rights were violated when the trial judge admitted evidence "from a separate yet related indictment from another county";

4) His Fourth and Fifth Amendment rights were violated when the trial judge admitted evidence from a photographic array and from a search of his room; and

5) His Sixth Amendment rights were violated when his trial counsel failed to conduct a redirect examination of the complainant that might have cast doubt on her credibility.

Doc. No. 9 at 6-14.

As set forth below, four of Diorio's claims are unexhausted either in whole or in part.

II.    LEGAL STANDARDS

A state prisoner is not entitled to habeas relief in federal court unless he has first exhausted his available remedies in state court. 28 U.S.C. § 2254(b); O'Sullivan v. Boerkel, 526 U.S. 838, 839 (1999); Mele v. Fitchburg Dist. Ct., 850 F.2d 817, 819 (1st Cir. 1988). A petitioner "shall not be deemed to have exhausted the remedies available . . . if he has the right

3

under the law of the State to raise, by any available procedure, the question presented." § 2254(c). To satisfy this exhaustion requirement, which is grounded in principles of comity, a petitioner must complete the state's established appellate review process, thereby giving "the state courts one full opportunity to resolve any constitutional issues." O'Sullivan, 526 U.S. at 839; accord Mele, 850 F.2d at 819.

In Massachusetts, the exhaustion requirement obligates a petitioner to present his claims to the SJC before asking a federal habeas court to consider them. Mele, 850 F.2d at 820, 823. It is not enough for a petitioner to litigate his constitutional claims in a motion before the state trial court and a subsequent appeal to the MAC. Id. "[A]n appealed issue cannot be considered as having been fairly presented to the SJC for exhaustion purposes unless the applicant has raised it within the four corners of the ALOFAR." Id. at 823; see Fusi v. O'Brien, 621 F.3d 1, 6 (1st Cir. 2010) (calling the ALOFAR the "decisive pleading" for exhaustion purposes); cf. Silvia v. Hall, 193 F. Supp. 2d 305, 311 (D. Mass. 2002) (finding issues were fairly presented to the SJC where they were discussed in the text of the fact and argument sections of the ALOFAR, though not listed among the "issues for further appellate review").

A petitioner may not escape the exhaustion doctrine by pairing unexhausted claims with other constitutional questions that have been fairly presented to every level of the state courts. Such a "mixed petition" is subject to dismissal unless the petitioner elects to abandon his unexhausted claims. DeLong v. Dickhaut, 715 F.3d 382, 386 (1st Cir. 2013); accord Rose v. Lundy, 455 U.S. 509, 522 (1982). Although federal courts may stay a mixed petition and hold it in abeyance while the petitioner returns to state court in an effort to exhaust any unexhausted claims, such discretion is appropriately exercised only where there is a good cause for the failure

to exhaust, and the unexhausted claims are potentially meritorious. DeLong, 715 F.3d at 387; accord Rhines v. Weber, 544 U.S. 269, 275-76 (2005).

III. DISCUSSION

The respondent asserts that Diorio has not properly exhausted all or part of three of his claims. Doc. No. 18 at 6-7. A review of the exhibits supporting the motion, including the MAC's decision and Diorio's ALOFAR, reveals that the respondent is correct, in part.

A. Claims 3 and 5

Two of the five claims present straightforward exhaustion questions. The respondent implicitly concedes—correctly—that Diorio exhausted Claim 3 in his ALOFAR. See id. at 1 (excluding Claim 3 from lists of allegedly unexhausted and otherwise barred claims); see also Doc. No. 9 at 9 (asserting in Claim 3 constitutional violations arising from improper admission of evidence from Suffolk County case in trial of Norfolk County charges); Doc. No. 17-5 at 13, 18-21 (seeking SJC review of whether Suffolk County evidence was properly admitted in Norfolk County trial). Conversely, Diorio implicitly concedes in his petition—correctly—that he has not presented Claim 5 to the SJC (or to any other state court) for review. See Doc. No. 9 at 14 (referencing Moffett brief to MAC but admitting Diorio "was unaware" that he could challenge trial counsel's examination of complainant in state court); see generally Doc. No. 17-5 (containing neither direct nor implicit assertion of such a claim).[3]

Accordingly, Diorio's federal petition indisputably is "mixed"; it contains at least one fully exhausted claim and at least one plainly unexhausted claim.

---

[3] Indeed, the state-court dockets in the record reveal no post-trial attempts by Diorio to challenge the effectiveness of his trial or appellate counsel in any respect.

B.  Claims 1, 2, and 4

Analysis of the remaining claims is slightly more complex.  Claims 1 and 4 challenge the admission of evidence Diorio contends was illegally seized by police as a result of a warrantless search of the room he was renting at the time of the offenses.  Doc. No. 9 at 6, 11.  Diorio focuses his challenges on the search of his wallet (a "closed container"), which led to the seizure of certain identification evidence admitted at his trial.  Id.  To the extent he claims this search violated his Fourth Amendment rights, the claims are exhausted.[4]  See Doc. No. 17-5 at 13-18 (citing Fourth Amendment, parallel state provision, and constitutionally protected reasonable expectation of privacy to challenge search, seizure, and admission of wallet and its contents).  However, to the extent he seeks to invoke the Fifth Amendment as a basis for challenging the relevant search and seizure, no such claim was discernible in his ALOFAR.  Id.; see Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997) (noting "heavy burden" on habeas petitioner "to show that he fairly and recognizably presented to the state courts the factual and the legal bases of [his] federal claim" (emphasis added)).

Claim 4 also includes a challenge to the admission of a photograph of Diorio from a photo array police used after the shooting in Suffolk County.  Such a claim, presumably based on the Fifth Amendment, is not developed in any detail in Diorio's petition.  Though his ALOFAR summarily alluded to possible error related to the photo array, see Doc. No. 17-5 at 17 (noting in passing that trial counsel had no "reasonable opportunity" to challenge array, in which only Diorio was shown wearing a "johnny"), it advanced no substantive challenge to the photographic

---

[4] Diorio's exhaustion of these claims does not mean he is entitled to federal review of them.  Unless he can make "an affirmative showing" that he was not "afforded a 'full and fair opportunity' to present" these claims in state court, this Court will be foreclosed from reviewing the Fourth Amendment challenges described in Claims 1 and 4.  Tart v. Massachusetts, 949 F.2d 490, 497 n.6 (1st Cir. 1991) (citing Stone v. Powell, 428 U.S. 465, 494-95 (1976)).

6

evidence and cited no legal authority to support such a challenge.[5]  Thus, Diorio has not

exhausted this aspect of Claim 4.

In Claim 2, Diorio challenges rulings by the trial court preventing him from addressing

the jury on his own behalf during the defense opening statement, and from speaking at

sentencing.  Doc. No. 9 at 8.  The ALOFAR makes plain that Diorio exhausted only the latter

challenge—regarding his right of allocution—and not the former.  Doc. No. 17-5 at 21-23.  To

the extent Claim 2 is meant to contain an additional challenge to trial counsel's effectiveness in

handling suppression issues related to a photographic array, Doc. No. 9 at 8, no such claim was

fairly presented to the SJC.

In sum, Claim 1 is exhausted only insofar as it presents a Fourth Amendment challenge to

the admission of evidence recovered from Diorio's wallet; Claim 2 is exhausted only insofar as it

challenges a ruling by the trial court precluding Diorio from speaking on his own behalf at his

sentencing; and Claim 4 is exhausted only insofar as it presents a Fourth Amendment challenge

to the admission of evidence recovered from Diorio's wallet (a claim which appears to duplicate

the one articulated in Claim 1).  In all other respects, Claims 1, 2, and 4 are unexhausted.

     C.     <u>Stay or Dismissal</u>

As Diorio's petition presents a mix of exhausted and unexhausted claims, this Court must

dismiss the entire petition unless Diorio chooses to give up his unexhausted claims.  <u>DeLong</u>,

715 F.3d at 387.  The record does not warrant a discretionary stay in this case.  Having received

no response from Diorio to the motion to dismiss, the Court is aware of no facts suggesting good

---

[5] Even if Diorio had exhausted such a claim, the procedural default doctrine likely would bar federal review of it, given the MAC's finding that Diorio waived his challenge to the admission of his photograph under state law.  <u>Diorio</u>, 81 N.E.3d at 825; <u>see</u> <u>Janosky v. St. Amand</u>, 594 F.3d 39, 44 (1st Cir. 2010) (deeming Massachusetts waiver doctrine "an independent and adequate state procedural ground" that bars federal habeas review).

cause for Diorio's failure to exhaust and, thus, finds no basis for exercising its discretion to hold the petition in abeyance while Diorio returns to state court to litigate the unexhausted claims (an avenue which Diorio has not proposed in any event).[6] Id. at 386.

## IV. CONCLUSION

Accordingly, Diorio's federal habeas petition will be DISMISSED unless he chooses to abandon his unexhausted claims (specifically, Claim 5 and the unexhausted components of Claims 1, 2, and 4). **Within thirty days of this Order, Diorio shall notify the Court of his decision as to the unexhausted claims**.

**If Diorio elects not to delete the unexhausted claims, or if he fails to notify the Court of his decision in this regard, his petition will be DISMISSED without prejudice.**

Should Diorio choose to pursue only his exhausted claims (specifically, Claim 3 and the exhausted components of Claims 1, 2, and 4), the following briefing schedule will govern proceedings regarding the remaining claims: 1) Diorio shall file a brief addressing the merits of his exhausted claims within thirty days of submitting his notice abandoning the unexhausted claims; 2) the respondent shall file a brief addressing the merits of the remaining claims within

---

[6] Yesterday, the Court received a letter from Diorio dated January 24, 2019. Doc. No. 21. In the letter, Diorio seeks reconsideration of a prior order denying his request for appointed counsel. Id.; see Doc. Nos. 2, 5. The request for reconsideration is DENIED. Regardless of his financial circumstances, Diorio is not legally entitled to appointed counsel in this matter. See 18 U.S.C. § 3006A(a)(2)(B) (providing that counsel "may be provided" to an indigent habeas petitioner if "the interests of justice so require" (emphasis added)). Because the claims Diorio presents in his federal petition largely mirror claims previously presented in some form to either the MAC or the SJC, the Court finds no compelling basis for appointing counsel. Moreover, the involvement of counsel would not alter the Court's exhaustion analysis, nor would it change the fact that Diorio's exhausted Fourth Amendment claims are unlikely to be cognizable on habeas review. Diorio's letter does not even reference the respondent's motion to dismiss, let alone attempt to respond to the obstacles it identifies as barring consideration of Diorio's petition on its merits.

8

thirty days of the filing of Diorio's brief; and 3) if Diorio wishes to file a reply, he may do so within fourteen days of the filing of the respondent's brief, with any reply limited to five pages.

SO ORDERED.

  /s/ Leo T. Sorokin
United States District Judge