UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

|  |  |
|---|---|
| CHARLES N. DIORIO, | ) |
|  | ) |
|       Petitioner, | ) |
|  | ) |
| v. | )      Civil No. 18-12315-LTS |
|  | ) |
| MICHAEL RODRIGUES, | ) |
|  | ) |
|       Respondent. | ) |

_____)

## ORDER ON MOTION ALLEGING HARASSMENT (DOC. NO. 26)

April 17, 2019

SOROKIN, J.

      Charles N. Diorio has filed a motion alleging that the respondent, through certain corrections officers, has interfered with his ability to prosecute this action and has retaliated against him for filing the federal petition that is the subject of this action. Doc. No. 26 at 1-2.[1] He seeks an order compelling the respondent and his staff to cease the alleged harassment. Id. at 2-3. Diorio supplemented his motion with exhibits he believed would support his claim that prison officials were tampering with his mail. Doc. No. 29.

      The Court ordered the respondent to answer Diorio's motion, Doc. No. 27, and the respondent did so on April 12, 2019, Doc. No. 30. Included with his response are copies of prison records related to Diorio's recent disciplinary and grievance history. Doc. No. 30-1. Having carefully considered both parties' submissions, the Court DENIES Diorio's motion.

---

[1] Citations to items appearing on the Court's electronic docket ("Doc. No. __ at __") reference the document and page numbers assigned by ECF.

First, the records submitted by the respondent demonstrate that Diorio's grievances about his treatment by prison staff—including his assertion of interference with his communications—began before the instant federal habeas petition was served on the respondent. <u>Compare</u> Doc. No. 30-1 at 15, 33 (reflecting grievance dated November 10, 2018 complaining of loss of phone privileges, and complaint form dated November 19, 2018 describing interference with legal mail as early as November 8, 2018), <u>with</u> Doc. Nos. 9, 11 at (reflecting Diorio's federal petition was served in mid-December 2018). The present record supports an inference that the impetus for the alleged harassment and Diorio's associated grievances was a disciplinary infraction and the resulting punishment. <u>E.g.</u>, Doc. No. 30-1 at 15. The record contains no credible, non-speculative support for an inference that Diorio is experiencing retaliation related to this habeas petition.[2]

Second, to the extent Diorio wishes to appeal administrative decisions resolving his prior grievances or to file new grievances about more recent conduct by corrections officers, this case is not an avenue for doing so. Rather, as the respondent has explained in his submission, Doc. No. 30 at 3-4, Diorio may challenge the conditions of his confinement in federal court through a separate civil action pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 402 U.S. 388 (1971); he may challenge the resolution of his grievances in state court pursuant to Massachusetts General Laws ch. 127, § 38H; or he may file new complaints and grievances using the prison's administrative procedure, as he has done in the past. The focus of

---

[2] If Diorio believes a delay in the docketing of his merits brief supports his claim that prison officials are interfering with his mail, Doc. No. 29 at 1-2, he is wrong. His merits brief was received at the courthouse promptly after its postmarked date of March 19, 2019, Doc. No. 31-3 at 2, and was reviewed in chambers at that time. Due to an oversight, the brief was not immediately forwarded from chambers to the Clerk's office for scanning, and was not docketed until April 16, 2019. Doc. No. 31.

these federal habeas proceedings necessarily is limited to Diorio's surviving, properly exhausted claims alleging violations of federal law he believes infected his state-court trial.

Accordingly, Diorio's motion (Doc. No. 26) is DENIED.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge